UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BORN C. JONES** | **CIVIL ACTION NO. 3:16-CV-1235** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **CALDWELL CORRECTIONAL CENTER, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Pro se plaintiff Born C. Jones, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 29, 2016. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Caldwell Correctional Center (CCC), Grayson, Louisiana. He complains of abuse of inmates by the corrections staff and that he wasn't fed dinner on one occasion. Plaintiff sued the CCC, Captain Grant and C.O. Morton, seeking compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff's complaint describes incidents in which corrections staff threatened inmates in his dorm while brandishing a gun, a Tazer, pepper spray and dogs. [Rec. Doc. 1, p.3] He alleges that on one occasion, Captain Grant came into the dorm with a shot gun, shot it at the ceiling and pointed it in plaintiff's face threatening to shoot him. *Id.* He further asserts that he witnessed other inmates be dragged out of the dorm who, upon return, "could barely walk" and witnessed inmates being

tazed. [Rec. Doc. 1-1, p.1]

He relates one incident during which he was taken out of the dorm after a corrections officer told C.O. Morton that he tried to jerk a towel out of his hands. *Id.* He asserts that when he tried to explain his version of the events to Morton, he was told that if he ever took something from a C.O. again, he was going to be sprayed and tazed. *Id.* Furthermore, he was told that he better answer when spoken to, if he knew what was good for him. *Id.*

He also recounted a separate incident in which his dorm was skipped over at meal time. *Id.*

Plaintiff fears being thrown in lock down or beaten if "they find out about what I am doing....because they do that so you won't try to contact anymore" *Id.* at 2.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which

relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Excessive Force*

Plaintiff complains of instances where he believed excessive force was used by prison guards against his fellow inmates; however, in no instance has he alleged that he was the victim of such force. At worst, plaintiff was "threatened" with the use of force.

Plaintiff lacks standing to assert the general claim of excessive force with respect to inmates other than himself. To satisfy the standing requirement, a plaintiff must demonstrate: (1) an injury in fact; (2) that is traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable decision of the district court. *Blackwell v. Madison Parish Correctional Center*, 2010 WL 147987 at *7 (W.D. La., Jan. 13, 2010) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The injury must be "actual or imminent, not 'conjectural or hypothetical.' " *Id.* With respect to the alleged excessive force against other inmates, plaintiff lacks standing to assert a claim.

Plaintiff's claims concerning the incident(s) in which the officers waved a gun, shot a gun in the air and/or pointed gun at the plaintiff should also be dismissed. The Court in *Taylor v. Tanner* addressed this issue and, relying on Fifth Circuit jurisprudence, held:

> Section 1983 provides a cause of action against anyone who deprives another of his constitutional rights while acting under color of state law. The Fifth Circuit has held in other contexts, however, that the brandishing of a gun by a law enforcement officer, by itself, is insufficient to state a claim of excessive force or violation of any constitutional right. Moreover, 42 U.S.C. § 1997e(e) provides that an inmate, such as Taylor, cannot recover for 'mental and emotional

> injury suffered while in custody without a prior showing of physical injury.' As the magistrate judge highlighted, and as the Fifth Circuit has made clear, any fear or distress that Taylor suffered as a result of the June 9, 2011, incident 'are not compensable damages under § 1983.'
>
> Here, Taylor has alleged only that Defendant Schuller drew his weapon, aimed it at Taylor, and yelled obscenities. Taylor has not claimed any physical injury resulting from that alleged conduct. Taylor instead essentially seeks relief for the emotional distress and fear that the conduct allegedly caused. A prisoner's emotional distress arising from having a gun pointed at him is not a compensable injury under 42 U.S.C. § 1983 absent a showing of physical injury.38 Therefore, Taylor's claims, even if accepted as true, are frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c), and must be dismissed with prejudice.

2013 WL 5891707 at *3 (E.D. La., Oct. 23, 2013).

Further, Plaintiff implies that he is concerned for his safety should it be discovered that he has raised this issues in the instant suit. He has not, however, alleged facts sufficient to state a claim for retaliation. It is well established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution. *Blackwell, supra, at \*7 (citing Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). To state a claim of retaliation, a prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. *Id.* Plaintiff's fears of retaliation do not rise to the level of constitutional violation, as no act has occurred.

Thus, plaintiff's complain concerning the use of force must be dismissed as frivolous.

### 3. Skipped Meal

4

Plaintiff's complaint also alleges that his entire dorm was not fed "last chow" on one occasion. Punishment violates the prohibition against cruel and unusual punishment only if it involves an "unnecessary and wanton infliction of pain." *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir.1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). To show an Eighth Amendment claim, a prisoner must show "an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities, as when denied some basic human need." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999) (*citing Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.19099); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).

The state must furnish its prisoners with reasonably adequate food. *Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir.1977). The state is not required, however, to provide three meals a day. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986). A single incident in which a prisoner is not allowed to eat is *de minimis*. *Dickerson v. Johnson*, 234 F.3d 29, 2000 WL 1568188, at *1 (5th Cir. Sept.14, 2000) (per curiam) (unpublished). Accordingly, plaintiff has failed to state a constitutional violation.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, October 24, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE